# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON STEPHANY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 20-649 |
| v. | : | (JUDGE MANNION) |
| STEPHAN MOLINARO, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is the June 22, 2020 report and recommendation ("Report") of Magistrate Judge Karoline Mehalchick, (Doc. 13), which recommends that the June 17, 2020 filing of the *pro se* prisoner plaintiff, (Doc. 11), be construed as a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). The plaintiff filed this civil rights action, pursuant to 42 U.S.C. §1983, alleging improper dental treatment in the prisons where he was confined. No objections have been filed to the Report, and the time within which objections were due has expired. For the following reasons, the report and recommendation will be **ADOPTED** and, plaintiff's complaint, (Doc. 1), will be **DISMISSED WITHOUT PREJUDICE**.[1]

---

[1] The court notes that since Judge Mehalchick stated the full procedural history of this case in her Report, the court will not repeat it herein.

I.      STANDARD OF REVIEW

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

II.     DISCUSSION

In liberally construing plaintiff's *pro se* filing, as the court must, *see* Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), Judge Mehalchick concludes that "the unambiguous language of [plaintiff's] June 17, 2020 submission [Doc. 11] indicates that he seeks to voluntarily dismiss this action in accordance with Rule 41(a)(1)(A)(i)."

"The effect of Plaintiff's filing a notice of voluntary dismissal before the opposing party serves 'either an answer or a motion for summary judgment is automatic; the notice is not a motion, defendant does not need to file a response, and no order of the district court is needed to end the action.'" Houser v. Beard, 2013 WL 3943510, *4 (W.D. Pa. July 30, 2020) (quoting In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008)). The court has reviewed the reasons presented by Judge Mehalchick for recommending that the plaintiff's complaint be dismissed without prejudice. Because the court agrees with the sound reasoning that led Judge Mehalchick to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety.

### III. CONCLUSION

In light of the foregoing, Judge Mehalchick's Report, (Doc. 13), will be **ADOPTED IN ITS ENTIRETY**, and the plaintiff's June 17, 2020 filing, (Doc. 11), will be construed as a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). The plaintiff's complaint, (Doc. 1), will be **DISMISSED WITHOUT PREJUDICE**, and plaintiff's request for the return of the originals or copies of the exhibits he submitted with his complaint will be **GRANTED**.

- 4 -

An appropriate order shall follow.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 5, 2020**

20-649-01